UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AES Thames, L.L.C.,<br><br>Debtor.<br><br>―――――――――――――――<br><br>Charles M. Forman,<br>Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>P&M Brick, LLC,<br><br>Defendant. | Chapter 7<br><br>Case No. 11-10334 (KJC)<br><br><br><br>Adversary No. 13-50406 (KJC) |

**P&M BRICK, LLC'S ANSWER TO COMPLAINT**
**TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

The Defendant P&M Brick, LLC ("Defendant"), by and through its attorneys, hereby answers Plaintiff's Complaint in the above-captioned action as follows:

**JURISDICTION AND VENUE**

1. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3 and 4 of the Complaint, and respectfully refers all questions of law to the Court.

**THE PARTIES**

2. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, and 7 of the Complaint, and respectfully refers the Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

3. <u>Admits</u> the allegations contained in paragraph 8 of the Complaint.

## COUNT ONE

4. In response to the allegations contained in paragraph 9 of the Complaint, repeats and realleges each of the foregoing allegations as if fully set forth herein.

5. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

6. <u>Admits</u> the allegations contained in paragraph 11 of the Complaint.

7. With respect to paragraph 12 of the Complaint, denies that a payment was made on December 20, 2012, denies knowledge or information sufficient to form a belief as to when the payments were made, and admits the other allegations contained therein.

8. <u>Admits</u> the allegations contained in paragraphs 13, 14 and 15 of the Complaint.

9. <u>Denies</u> the allegations contained in paragraphs 16, 17, and 18 of the Complaint.

10. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

11. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and respectfully refers the Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

12. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

13. <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and respectfully refers the Court to the

docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

14. <u>Denies</u> the allegations contained in paragraph 23 of the Complaint.

15. <u>Admits</u> the allegations contained in paragraph 24 of the Complaint.

**WHEREFORE**, Defendant demands judgment on Count One of the Complaint:

    A.    Dismissing Count One of the Complaint; and

    B.    For such other and further relief as the Court may deem just and proper.

### COUNT TWO

16. In response to the allegations contained in paragraph 25 of the Complaint, repeats and realleges each of the foregoing allegations as if fully set forth herein.

17. <u>Denies</u> the allegations contained in paragraph 26 of the Complaint.

18. <u>Admits</u> the allegations contained in paragraph 27 of the Complaint.

**WHEREFORE**, Defendant demands judgment on Count Two of the Complaint:

    A.    Dismissing Count Two of the Complaint; and

    B.    For such other and further relief as the Court may deem just and proper.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a cause of action for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Each alleged transfer was in payment of a debt incurred in the ordinary course of the business or financial affairs of the Debtor and Defendant, and was made in the ordinary course of business or financial affairs of the Debtor.

21. The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2)(A).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Each alleged transfer was in payment of a debt incurred in the ordinary course of the business or financial affairs of the Debtor and Defendant, and was made according to ordinary business terms

23. The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2)(B).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Subsequent to the alleged transfers, Defendant provided new value to the Debtor in the form of further sales of minerals and/or specialty stone materials.

25. As of the filing date of the Petition, Defendant was owed a sum in excess of $336,000 by the Debtor on account of minerals and/or specialty stone materials sold to the Debtor.

26. Such new value was not secured by an otherwise avoidable security interest.

27. The Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant on account of such new value.

28. The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(4)(A) and (B).

**WHEREFORE,** Defendant P&M Brick, LLC demands judgment dismissing the Complaint in its entirety, awarding Defendant judgment for costs, and for such other and further relief as the Court deems just and proper.

Dated: April 10, 2013

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 573-2525
Facsimile: (302) 573-2524
dfinger@delawgroup.com


NOLAN & HELLER, LLP
Justin A. Heller, Esq.
39 North Pearl Street, 3rd Floor
Albany, New York 12207
Telephone: (518) 449-3300
Facsimile: (518) 432-3123
jheller@nolanandheller.com

*Attorneys for P&M Brick, LLC*

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 10th day of April, 2013, I caused the foregoing document to be served via first-class mail, postage prepaid, on the below-listed counsel of record:

Katharine L. Mayer, Esq.
Matthew J. Rifino, Esq.
McCarter & English, LLP
P.O. Box 111
Wilmington, DE  19899

/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 573-2525
Facsimile: (302) 573-2524
dfinger@delawgroup.com