UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AES THAMES, L.L.C.,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-10334 (KJC) |
| CHARLES M. FORMAN,<br>Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>P&M BRICK LLC,<br><br>Defendant. | Adversary Proceeding No.:<br>13-50406 (KJC)<br><br>No hearing will be held unless<br>requested by the Court<br><br>Response due:  Jan. 22, 2014 |

**MOTION OF DEFENDANT P&M BRICK LLC PURSUANT TO FED.R.CIV. PROC. 15(a)(2) AND FED.R. BANKR. PROC. 7015 FOR LEAVE TO AMEND ANSWER TO COMPLAINT**

Defendant P&M Brick LLC ("Defendant"), by and through its attorneys, Finger & Slanina, LLC, Delaware counsel to Nolan & Heller, LLP, hereby moves, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Rule 7015 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), to file an Amended Answer, in order to assert an additional affirmative defense against Plaintiff's claims in the above-captioned adversary complaint that it acted as a mere conduit with respect to any alleged payments received from AES Thames, L.L.C. ("Debtor"), was not the initial transferee of the alleged preferential transfers made by the Debtor, and, therefore, it is not liable to the Plaintiff pursuant to 11 U.S.C. §550(a)(1)(a), and in support thereof states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C.  §157(b)(2)(A), (F) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2.       AES Thames, L.L.C. filed its petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101, *et seq.*) (the "Code") on February 1, 2011.  The case was converted to a proceeding under Chapter 7 of the Code on January 23, 2012.  Charles M. Forman, Esq. ("Trustee") was appointed Chapter 7 Trustee on January 24, 2012.

3.      Trustee commenced the above-captioned adversary proceeding by filing his complaint on January 18, 2013.

4.      The issue was joined by Defendant filing its answer to the complaint on April 10, 2013.

## RELIEF REQUESTE

5.      By this Motion, Defendant seeks an order granting it leave to file an amended answer to assert an additional affirmative defense to the claims asserted by the Trustee in the Complaint.  In particular, Defendant seeks to assert as an affirmative defense that it acted as a mere conduit with respect to the alleged payments at issue in the Complaint and is not a transferee from which the alleged preferential transfers might be recovered from pursuant to 11 U.S.C. §550(a)(1).

6.      Pursuant to Fed.R.Civ.P. 15(a) and Fed.R.Bankr.P. 7015, leave to amend a pleading should "be freely given when justice so requires."

7.      Indeed, "[t]he United States Supreme Court and the Court of Appeals of the Third Circuit have each held that leave to amend should be freely given absent a showing by the non-moving party of one of the following grounds for denial: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) futility of the amendment." *Plains Marketing, L.P. v. Bank of America, N.A.,* 443 B.R. 472, 476 (Bankr. D. Del. 2011)*, citing, Foman v. Davis,* 371 U.S. 178 (1962).

8.      By the within motion, Defendant seeks leave to amend its answer to the complaint in the above-captioned adversary proceeding to assert a fifth affirmative defense to the Plaintiff's preferential transfer claim alleging that Defendant was a mere conduit of payments by the Debtor for the benefit of other parties that supplied materials to the Debtor through Defendant.

9.      Prior to the filing of the within motion, Defendant provided a clean and "redline" version of the proposed amended answer to counsel for Plaintiff and requested his consent to the amendment pursuant to Fed.R. Civ. Proc. 15(a)(2).  Plaintiff's counsel refused Defendant's request that he consent to the proposed amendment and this motion followed.  A redline version of the proposed amended answer is attached hereto and made a part hereof as Exhibit "A".  A clean version of the proposed amended answer is attached hereto and made a part hereof as Exhibit "B".

10.     It is respectfully submitted that entry of an order granting Defendant leave to amend its answer to assert an additional affirmative defense to the allegations in the Complaint is warranted.

11.     In support of Defendant's request, it is noted that there has been no undue delay in seeking the within requested relief.  Rather, the factual basis for the proposed affirmative defense

was discovered within less than one week before the within motion was filed, and in connection with discussions between Defendant's representatives and counsel regarding completion of an expert's report regarding Defendant's previously asserted affirmative defenses.

12.    Further, Defendant's request is not made in bad faith or with any dilatory motive. Rather, the motion is being promptly made upon discovery of facts that support the proposed affirmative defense and not to delay the proceeding.  In fact, to the extent that discovery is necessary for the Plaintiff to evaluate the defense, such discovery is limited in scope and can be promptly produced by Defendant.

13.    No previous request to amend the pleadings has been made by Defendant.  Thus, there have been no repeated failures to cure prior deficiencies.

14.    It is respectfully submitted that there is no undue prejudice to Plaintiff in the event that the amendment is allowed.  As noted above, to the extent that Plaintiff requires additional discovery, the evidence supporting the defense is limited in scope.  The parties have stipulated to an extension of the date to complete fact discovery to January 31, 2014.  A mediator has been appointed by the Court although a mediation hearing date has not yet been scheduled.  Finally, the trial in this action is scheduled for June 26, 2014; leaving ample time for preparation by the parties for both the mediation and trial in this action.  Defendant recognizes that the Trustee may seek additional discovery on the proposed affirmative defense in the event that leave to file the amended pleading is granted, and will stipulate to a further reasonable extension of the discovery deadline to accommodate the Trustee.

15.    Finally, the proposed amendment is not futile.  "An amendment is futile if 'the complaint as amended, would fail to state a claim upon which relief could be granted'."  *Plains Marketing, L.P. v. Bank of America, N.A., supra, citations omitted.*

16.    It is respectfully submitted that the proposed amended answer is not futile.  The proposed affirmative defense includes specific references to suppliers and carriers in the supply chain behind Defendant to whom Defendant was obligated to pay from the proceeds of payments received from the Debtor.  Further, the payments received by Defendant for the benefit of others in the supply chain are the payments which Plaintiff alleges to be preferential transfers to Defendant.  Thus, the proposed amendment and affirmative defense is sufficient to state facts in response to Plaintiff's allegations.

**WHEREFORE**, for all of the foregoing reasons, Defendant P&M Brick LLC, respectfully requests that the Court enter an Order granting Defendant's Motion to file an amended Answer to the above-captioned complaint and grant such other and further relief as the Court may deem just and proper.

Dated: January 8, 2014                                Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 573-2525
Facsimile: (302) 573-2524
dfinger@delawgroup.com


NOLAN & HELLER, LLP
Justin A. Heller, Esq.
39 North Pearl Street, 3rd Floor
Albany, New York 12207
Telephone: (518) 449-3300
Facsimile: (518) 432-3123
jheller@nolanandheller.com


*Attorneys for P&M Brick, LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>               AES THAMES, L.L.C.,<br><br>                         Debtor. | Chapter 7<br><br>Case No. 11-10334 (KJC) |
| CHARLES M. FORMAN,<br>Chapter 7 Trustee,<br><br>                       Plaintiff,<br><br>            v.<br><br>P&M BRICK LLC,<br><br>                     Defendant. | Adversary Proceeding No.:<br>13-50406 (KJC) |

## ORDER GRANTING MOTION OF DEFENDANT P&M BRICK LLC PURSUANT TO FED.R.CIV. PROC. 15(a)(2) AND FED.R. BANKR. PROC. 7015 FOR LEAVE TO AMEND ANSWER TO COMPLAINT

**UPON** the Motion of Defendant P&M Brick LLC ("Defendant"), by and through its attorneys, Nolan & Heller, LLP, hereby moves, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Rule 7015 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), to file an Amended Answer, in order to assert an additional affirmative defense against Plaintiff's claims in the above-captioned adversary complaint that it acted as a mere conduit with respect to any alleged payments received from AES Thames, L.L.C. ("Debtor"), was not the initial transferee of the alleged preferential transfers made by the Debtor, and, therefore, it is not liable to the Plaintiff pursuant to 11 U.S.C. §550(a)(1)(a), and

**UPON** the Court having considered all papers filed with respect to the Motion, and after

due deliberation, it is hereby

**ORDERED,** that the Motion is hereby granted and Defendant is hereby granted leave to file its amended answer to the Complaint pursuant to Fed.R.Civ.P. 15(a) and Fed.R.Bankr.P. 7015; and it is further

**ORDERED**, that Defendant shall file and serve its amended answer to the Complaint within \_\_\_\_ days of the entry of the within order.

_____

The Hon. Kevin J. Carey

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>        AES Thames, L.L.C.,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 11-10334 (KJC) |
| Charles M. Forman,<br>Chapter 7 Trustee,<br><br>                    Plaintiff,<br><br>        vs.<br><br>P&M Brick, LLC,<br><br>                  Defendant. | Adversary No. 13-50406 (KJC) |

**P&M BRICK, LLC'S AMENDED ANSWER TO COMPLAINT
TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

The Defendant P&M Brick, LLC ("Defendant") by and through its attorneys, Finger & Slanina, LLC, local counsel to Nolan & Heller, LLP, hereby answers Plaintiff's Complaint in the above-captioned action as follows:

**JURISDICTION AND VENUE**

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3 and 4 of the Complaint, and respectfully refers all questions of law to the Court.

**THE PARTIES**

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, and 7 of the Complaint, and respectfully refers the

Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

3.      Admits the allegations contained in paragraph 8 of the Complaint.

## COUNT ONE

4.      In response to the allegations contained in paragraph 9 of the Complaint, repeats and realleges each of the foregoing allegations as if fully set forth herein.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

6.      Admits the allegations contained in paragraph 11 of the Complaint.

7.      With respect to paragraph 12 of the Complaint, denies that a payment was made on December 20, 2012, denies knowledge or information sufficient to form a belief as to when the payments were made, and admits the other allegations contained therein.

8.      Admits the allegations contained in paragraphs 13, 14 and 15 of the Complaint.

9.      Denies the allegations contained in paragraphs 16, 17, and 18 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and respectfully refers the Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

13.    <u>Denies</u> knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and respectfully refers the Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

14.    <u>Denies</u> the allegations contained in paragraph 23 of the Complaint.

15.    <u>Admits</u> the allegations contained in paragraph 24 of the Complaint.

**WHEREFORE**, Defendant demands judgment on Count One of the Complaint:

      A.    Dismissing Count One of the Complaint; and

      B.    For such other and further relief as the Court may deem just and proper.

COUNT TWO

16.    In response to the allegations contained in paragraph 25 of the Complaint, repeats and realleges each of the foregoing allegations as if fully set forth herein.

17.    <u>Denies</u> the allegations contained in paragraph 26 of the Complaint.

18.    <u>Admits</u> the allegations contained in paragraph 27 of the Complaint.

**WHEREFORE**, Defendant demands judgment on Count Two of the Complaint:

      A.    Dismissing Count Two of the Complaint; and

      B.    For such other and further relief as the Court may deem just and proper.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

19.    The Complaint fails to state a cause of action for which relief may be granted.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

20.    Each alleged transfer was in payment of a debt incurred in the ordinary course of the business or financial affairs of the Debtor and Defendant, and was made in the ordinary

course of business or financial affairs of the Debtor.

21.    The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2)(A).

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

22.    Each alleged transfer was in payment of a debt incurred in the ordinary course of the business or financial affairs of the Debtor and Defendant, and was made according to ordinary business terms

23.    The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2)(B).

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

24.    Subsequent to the alleged transfers, Defendant provided new value to the Debtor in the form of further sales of minerals and/or specialty stone materials.

25.    As of the filing date of the Petition, Defendant was owed a sum in excess of $336,000 by the Debtor on account of minerals and/or specialty stone materials sold to the Debtor.

26.    Such new value was not secured by an otherwise avoidable security interest.

27.    The Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant on account of such new value.

**28.**    The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(4)(A) and (B).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

29.    Defendant was not the initial transferee of the alleged transfer.

30.    Specialty Minerals provided the minerals and/or specialty stone materials shipped to the Debtor or obtained on the Debtor's behalf.

31.    CS&G Trucking provided trucking services for transportation of the minerals

Formatted: Font: Bold, Underline

Formatted: Centered, Indent: Left: 0.5", No bullets or numbering

and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

32.    White Near Coastal provided barging services for transportation of the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

33.    Eastern Barge provided barging services for transportation of the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

34.    Mohawk Northeast, Inc. provided barging services for transportation of the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

35.    The alleged transfers made by the Debtor to Defendant included payment for funds due to Specialty Materials, CS&G Trucking, White Near Coastal, Eastern Barge and Mohawk Northeastern, Inc.

36.    Defendant was obligated to remit payments to Specialty Materials, CS&G Trucking, White Near Coastal, Eastern Barge and Mohawk Northeastern, Inc. upon its receipt of alleged transfers from Debtor for the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

37.    Defendant remitted payments to Specialty Materials, CS&G Trucking, White Near Coastal, Eastern Barge and Mohawk Northeastern, Inc.

38.    To the extent that Defendant received transfers from Debtor, it was acting as an agent on behalf of the suppliers and shippers and was a mere conduit for payments by Debtor to those parties.

39.    As a mere conduit for payments to other parties, Defendant is not a transferee of Debtor and therefore is not liable for such transfers pursuant to 11 U.S.C. §550.

28.

**Formatted:** No bullets or numbering

**WHEREFORE,** Defendant P&M Brick, LLC demands judgment dismissing the

Complaint in its entirety, awarding Defendant judgment for costs, and for such other and further

relief as the Court deems just and proper.

Dated: Albany, New York
        ~~April 11, 2013~~January 2, 2014

                                            FINGER & SLANINA, LLC


                                            David L. Finger, Esq.
                                            *Attorneys for P&M Brick, LLC*
                                            One Commerce Center
                                            1201 Orange Street, 7th Floor
                                            Wilmington, DE 19801
                                            Telephone:  (302) 573-2525
                                            Facsimile: (302) 573-2524
                                            dfinger@delawgroup.com


                                            NOLAN & HELLER, LLP
                                            Justin A. Heller, Esq.
                                            *Attorneys for P&M Brick, LLC*
                                            39 North Pearl Street, 3rd Floor
                                            Albany, New York 12207
                                            Telephone: (518) 449-3300
                                            Facsimile: (518) 432-3123
                                            jheller@nolanandheller.com

~~96976-3~~101765

# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

        AES Thames, L.L.C.,

                   Debtor.

Charles M. Forman,
Chapter 7 Trustee,

                   Plaintiff,

        vs.

P&M Brick, LLC,

                 Defendant.

Chapter 7

Case No. 11-10334 (KJC)

Adversary No. 13-50406 (KJC)

## P&M BRICK, LLC'S AMENDED ANSWER TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

The Defendant P&M Brick, LLC ("Defendant") by and through its attorneys, Finger & Slanina, LLC, local counsel to Nolan & Heller, LLP, hereby answers Plaintiff's Complaint in the above-captioned action as follows:

### JURISDICTION AND VENUE

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3 and 4 of the Complaint, and respectfully refers all questions of law to the Court.

### THE PARTIES

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, and 7 of the Complaint, and respectfully refers the

Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

3.    Admits the allegations contained in paragraph 8 of the Complaint.

## COUNT ONE

4.    In response to the allegations contained in paragraph 9 of the Complaint, repeats and realleges each of the foregoing allegations as if fully set forth herein.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

6.    Admits the allegations contained in paragraph 11 of the Complaint.

7.    With respect to paragraph 12 of the Complaint, denies that a payment was made on December 20, 2012, denies knowledge or information sufficient to form a belief as to when the payments were made, and admits the other allegations contained therein.

8.    Admits the allegations contained in paragraphs 13, 14 and 15 of the Complaint.

9.    Denies the allegations contained in paragraphs 16, 17, and 18 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and respectfully refers the Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and respectfully refers the Court to the docket maintained in the above-captioned case, and respectfully requests that the Court take judicial notice thereof.

14.    Denies the allegations contained in paragraph 23 of the Complaint.

15.    Admits the allegations contained in paragraph 24 of the Complaint.

**WHEREFORE**, Defendant demands judgment on Count One of the Complaint:

    A.    Dismissing Count One of the Complaint; and

    B.    For such other and further relief as the Court may deem just and proper.

## COUNT TWO

16.    In response to the allegations contained in paragraph 25 of the Complaint, repeats and realleges each of the foregoing allegations as if fully set forth herein.

17.    Denies the allegations contained in paragraph 26 of the Complaint.

18.    Admits the allegations contained in paragraph 27 of the Complaint.

**WHEREFORE**, Defendant demands judgment on Count Two of the Complaint:

    A.    Dismissing Count Two of the Complaint; and

    B.    For such other and further relief as the Court may deem just and proper.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.    The Complaint fails to state a cause of action for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.    Each alleged transfer was in payment of a debt incurred in the ordinary course of the business or financial affairs of the Debtor and Defendant, and was made in the ordinary

course of business or financial affairs of the Debtor.

21.    The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2)(A).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.    Each alleged transfer was in payment of a debt incurred in the ordinary course of the business or financial affairs of the Debtor and Defendant, and was made according to ordinary business terms

23.    The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2)(B).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24.    Subsequent to the alleged transfers, Defendant provided new value to the Debtor in the form of further sales of minerals and/or specialty stone materials.

25.    As of the filing date of the Petition, Defendant was owed a sum in excess of $336,000 by the Debtor on account of minerals and/or specialty stone materials sold to the Debtor.

26.    Such new value was not secured by an otherwise avoidable security interest.

27.    The Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant on account of such new value.

28.    The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(4)(A) and (B).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29.    Defendant was not the initial transferee of the alleged transfer.

30.    Specialty Minerals provided the minerals and/or specialty stone materials shipped to the Debtor or obtained on the Debtor's behalf.

31.    CS&G Trucking provided trucking services for transportation of the minerals

and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

32.    White Near Coastal provided barging services for transportation of the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

33.    Eastern Barge provided barging services for transportation of the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

34.    Mohawk Northeast, Inc. provided barging services for transportation of the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

35.    The alleged transfers made by the Debtor to Defendant included payment for funds due to Specialty Materials, CS&G Trucking, White Near Coastal, Eastern Barge and Mohawk Northeastern, Inc.

36.    Defendant was obligated to remit payments to Specialty Materials, CS&G Trucking, White Near Coastal, Eastern Barge and Mohawk Northeastern, Inc. upon its receipt of alleged transfers from Debtor for the minerals and/or specialty stone materials shipped to or obtained on the Debtor's behalf.

37.    Defendant remitted payments to Specialty Materials, CS&G Trucking, White Near Coastal, Eastern Barge and Mohawk Northeastern, Inc.

38.    To the extent that Defendant received transfers from Debtor, it was acting as an agent on behalf of the suppliers and shippers and was a mere conduit for payments by Debtor to those parties.

39.    As a mere conduit for payments to other parties, Defendant is not a transferee of Debtor and therefore is not liable for such transfers pursuant to 11 U.S.C. §550.

**WHEREFORE,** Defendant P&M Brick, LLC demands judgment dismissing the Complaint in its entirety, awarding Defendant judgment for costs, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      January 2, 2014

                                  FINGER & SLANINA, LLC


                                  _____

                                  David L. Finger, Esq.
                                  *Attorneys for P&M Brick, LLC*
                                  One Commerce Center
                                  1201 Orange Street, 7th Floor
                                  Wilmington, DE 19801
                                  Telephone:  (302) 573-2525
                                  Facsimile: (302) 573-2524
                                  dfinger@delawgroup.com


                                  NOLAN & HELLER, LLP
                                  Justin A. Heller, Esq.
                                  *Attorneys for P&M Brick, LLC*
                                  39 North Pearl Street, 3rd Floor
                                  Albany, New York 12207
                                  Telephone: (518) 449-3300
                                  Facsimile: (518) 432-3123
                                  jheller@nolanandheller.com

101765

## <u>CERTIFICATE OF SERVICE</u>

I, David L. Finger, hereby certify that on this 8th day of January, 2014, I caused the

foregoing document to be served via first-class mail, postage prepaid, on the below-listed

counsel of record:

Katharine L. Mayer, Esq.
Matthew J. Rifino, Esq.
McCarter & English, LLP
P.O. Box 111
Wilmington, DE  19899

/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 573-2525
Facsimile: (302) 573-2524
dfinger@delawgroup.com
