IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | |
| : | Chapter 7 |
| AES Thames, L.L.C., : | |
| : | Case No. 11-10334 (KJC) |
| Debtor. : | |
| : | |
| Charles M. Forman, Chapter 7 Trustee, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Adv. Pro. No. 13-50406 (KJC) |
| : | |
| P&M Brick LLC, : | |
| : | |
| Defendant. : | **Related Docket No. 97** |

RESPONSE OF CHAPTER 7 TRUSTEE TO DEFENDANT'S NOTICE
PURSUANT TO LOCAL RULE OF BANKRUPTCY PRACTICE
AND PROCEDURE 7007-1(b) OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE, that Charles M. Forman, Chapter 7 Trustee (the "Trustee") in the above captioned case hereby files this response to the Notice Pursuant to Local Rule of Bankruptcy Practice and Procedure 7007-1(b) (the "Notice") filed by P&M Brick LLC ("P&M") and states as follows:

1. P&M filed the Notice to provide the Court with a decision issued by Judge Sonthi in the matter of *Charles A. Stanziale, Jr., Chapter 7 Trustee v. Industrial Specialists Inc. a/k/a Industrial Specialists, LLC (In re Conex Holdings, LLC)*, 2004 WL 7505203 (Barnk. D. Del. Dec. 18, 2014) (the "Industrial Specialist Case"). P&M argues that this decision supports its ordinary course defense under the subjective test because in Industrial Specialist, the "Debtor and Defendant had been doing business for approximately 16 months, which is of sufficient duration to determine the ordinary course of business between them." 2004 WL 7505203 at * 5.

00372917 - 4
ME1 19719002v.1

2.      Although P&M states that during its pre-preference history with the debtor consists of its issuance of only three (3) invoices, it neglects to address the fact that there were twenty (20) payments made during the pre-preference period in the *Industrial Specialists* case.

3.      As the record of this case shows, there were only two (2) transactions between P&M and the debtor during the preference-period, which were seven (7) months apart. This is in sharp contrast to the twenty (20) transactions over a sixteen (16) month period involved in the *Industrial Specialist* case. Therefore, the *Industrial Specialist* case is not factually applicable to this matter and does not support P&M's ordinary course defense under the subjective test.

4.      The Trustee further relies on the arguments made in his briefing as well as at the time of oral argument on the motions and respectfully asserts that this decision is not a "pertinent" case to be considered under Local Rule 7007-1(b).

Dated: January 21, 2015
       Wilmington, DE

McCARTER & ENGLISH, LLP

*/s/ Katharine L. Mayer*
Katharine L. Mayer (DE #3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
Telephone:  (302) 984-6300
Facsimile:  (302) 984-6399
kmayer@mccarter.com

-and-

**FORMAN HOLT ELIADES & YOUNGMAN LLC**
Harry M. Gutfleish, Esq.
Matteo Percontino, Esq.
80 Route 4 East, Suite 290
Paramus, NJ 07652
Telephone: (201) 845-1000
Fax: (201) 845-9112
hgutfleish@formanlaw.com
mpercontino@formanlaw.com

*Counsel to Charles M. Forman, the Chapter 7 Trustee*